# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| MUNYARADZI TICHAONA, | ) |
|                 Plaintiff, | ) |
| v. | ) Case No. 1:24-cv-00803-MSN-WEF |
| MERRICK GARLAND,<br>Attorney General, | ) |
|                 Defendant. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
## MOTION TO DISMISS FOR LACK OF SUBJECT MATTER OF JURISDICTION

Defendant, through their undersigned counsel, hereby respectfully submits this memorandum of law in support of his motion to dismiss the Complaint in its entirety for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

## INTRODUCTION

Plaintiff Munyaradzi Tichaona filed this action, seeking an order from this Court to compelling Defendant to adjudicate Plaintiff's Form I-589, Application for Asylum and for Withholding of Removal, and subsequently adjust his status to that of a lawful permanent residence. *See* Dkt. No. 1. Interpreting Plaintiff's claims as actions under the Mandamus Act and Administrative Procedure Act, these claims must be dismissed by this Court. First, the Court lacks jurisdiction over Plaintiff's claim to compel USCIS to adjudicate his asylum application because this claim is moot. On September 9, 2024, USCIS adjudicated Plaintiff's application, which is the sole relief Plaintiff requested involving his asylum application. Second, Plaintiff's request to have this Court adjust Plaintiff's status to that of a lawful permanent resident is not ripe for review. Plaintiff has not filed an adjustment of status application, and even if he did, he is still not statutorily eligible to adjust status as he has not been physically present in the United States for one year after being granted asylum. Moreover, this Court lacks jurisdiction to grant the relief he seeks.

Accordingly, Defendant respectfully asks that the Court dismiss this action for lack of subject matter jurisdiction under the mootness and ripeness doctrines.

## LEGAL STANDARD

Federal district courts are courts of limited subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). They possess only the jurisdiction authorized them by the United States Constitution and by federal statute. *Bowles v. Russell*, 551 U.S. 205, 212-13 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have

1

jurisdiction to consider."); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When a district court lacks subject matter jurisdiction, the matter must be dismissed. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506-07 (2006). The burden of establishing subject matter jurisdiction rests with the plaintiff. *See United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009); *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

## ARGUMENT

In his Complaint, Plaintiff requests that this Court order USCIS to adjudicate his application for asylum and subsequently adjust his status to that of a lawful permanent resident. *See* Compl. ¶ 9. Now that USCIS has adjudicated Plaintiff's asylum application, Plaintiff has received part of the relief he seeks. However, Plaintiff's claim to have this Court adjust his status to that of a lawful permanent resident is not ripe for review. Accordingly, the Court should dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(1).

**I.     Plaintiff's Claims Involving His Asylum Application are Moot as USCIS Approved Plaintiff's Asylum Application.**

It is well-established that, pursuant to Article III of the United States Constitution, this Court's jurisdiction extends only to "cases or controversies." U.S. Const. art. III; *see also Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990) ("Article III, of course, gives the federal courts jurisdiction over only 'cases or controversies' . . . ."). Part of the constitutional "case or controversy" requirement is that which has become known as the "mootness" doctrine, which provides generally that a "case or controversy" no longer exists "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969); *see also Mellen v. Bunting*, 327 F.3d 355, 363-64 (4th Cir. 2003). As the Supreme Court has repeatedly held, "[t]his case-or-controversy requirement subsists

through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank*, 494 U.S. 472, 477-78 (1990); *see also Arizonans for Official English v. Arizona*, 520 U.S. 43, 66 (1997).

Plaintiff filed this action asking this Court to order USCIS to approve the asylum application that he filed. On September 9, 2024, USCIS approved Plaintiff's asylum application. *See* DEX 1. Pursuant to the terms of the parties Joint Motion to Stay the Proceedings, *see* Dkt. No. 6, at 3, Defendants sought Plaintiff's consent to dismiss this action. After several follow-up inquiries, Plaintiff has refused to consent claiming USCIS should adjust his status to that of a lawful permanent resident.

Because USCIS has adjudicated the Plaintiff's asylum application, there is no longer a "live" issue before this Court, and Plaintiff's claim has been rendered moot. *See Qui v. Mayorkas*, 2024 WL 329140, at *2 (E.D. Va. Jan. 29, 2024) (finding that the issue to compel USCIS to process an asylum application became moot after USCIS scheduled an interview on plaintiff's asylum application); *Moiseyev v. Dep't of Homeland Sec.*, 2024 WL 3201265, at *1 (W.D. Wash. June 24, 2024) (dismissing case as moot because "[plaintiff] has achieved the relief sought in the complaint: adjudication on his asylum application"); *Tu v. Mayorkas*, 2024 WL 2111551, at *3 (E.D.N.Y. May 10, 2024) ("[S]ince USCIS has adjudicated [plaintiff's] Form I-589, this Court is unable to compel it to do so."); *Yan Zheng v. Sessions*, 2018 WL 3040350, at *3 (M.D.N.C. June 19, 2018) ("the case is moot . . . as the requested relief—adjudication of the application—has already occurred").

Accordingly, Plaintiff's claim to compel USCIS to adjudicate his asylum application should be dismissed.

## II. Plaintiff's Request to Have This Court Adjust His Status to that of a Lawful Permanent Resident is Not Ripe for Review Because He Has Not Filed an Adjustment of Status Application.

Like mootness, the ripeness doctrine "originates in the 'case or controversy' constraint of Article III." *South Carolina v. U.S.*, 912 F.3d 720, 730 (4th Cir. 2019) (quoting *Scoggins v. Lee's Crossing Homeowners Ass'n*, 718 F.3d 262, 269 (4th Cir. 2013) (citations omitted)). Ripeness is a question of subject matter jurisdiction. *See South Carolina*, at 739; *Sansotta v. Town of Nags Head*, 724 F.3d 533, 548 (4th Cir. 2013). The question of whether a claim is ripe "turns on the 'fitness of the issues for judicial decision' and the 'hardship to the parties of withholding court consideration.'" *South Carolina*, 912 F.3d at 730 (quoting *Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 201 (1983) (citation omitted)). In the context of claims challenging agency inaction, like the adjustment of status issue here, the purpose of the ripeness doctrine is "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Labs. v. Gardner*, 387 U.S. 136 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 97 (1977); see South Carolina, 912 F.3d at 730.

In general, when seeking to adjust status as a lawful permanent resident, a noncitizen is statutorily required to "make[] an application for such adjustment[.]" 8 U.S.C. § 1255(a). For an asylee to adjust status to that of a lawful permanent resident, an asylee must meet the statutory requirements laid out in the Immigration and Nationality Act ("INA"). *See generally* 8 U.S.C. § 1159; see also 8 C.F.R. § 209.1(a). One requirement is that the asylee "*applies* for such adjustment[.]" 8 U.S.C. §1159(b)(1) (emphasis added); *see also* 8 C.F.R. § 209.1(a)(1). Here,

4

Plaintiff fails allege that he has applied for adjustment of status, and USCIS has no record of Plaintiff applying for such. If Plaintiff has never applied for such adjustment, USCIS cannot adjudicate such adjustment application.

Therefore, Plaintiff's claim to compel USCIS to adjust his status to that of a lawful permanent resident is not ripe for review, and this Court lacks jurisdiction to hear Plaintiff's claim.[1]

## CONCLUSION

For all these reasons, Defendants respectfully ask that the Court dismiss the Complaint in its entirety for lack of subject matter jurisdiction based on mootness and ripeness grounds.

Dated: October 10, 2024

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

_____/s/_____
CHRISTIAN J. COOPER
Special Assistant United States Attorney
Office of the United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel:    (703) 299-3831
Fax:    (703) 299-3983
Email: christian.cooper@usdoj.gov
*Counsel for Defendants*

---

[1] Defendant notes that even if Plaintiff filed an application to adjust status, he still fails to meet the statutory requirements to adjust status as an asylee. *See* 8 U.S.C. § 1159(b)(2) ("[requirement to have] been physically present in the United States for at least *one year after* being *granted* asylum") (emphasis added); *see also* 8 C.F.R. § 209.1(a)(1). Moreover, this Court is without jurisdiction to compel USCIS to adjudicate any such application in Plaintiff's favor, as the INA expressly precludes such review. *See* 8 U.S.C §1252(a)(2)(B)(ii); *see also* 8 C.F.R. §§ 245.2(a) (USCIS jurisdiction), 1245.2(a)(1) (immigration court jurisdiction); *Shaiban v. Jaddou*, 97 F.4th 263, 268 (4th Cir. 2024) (holding courts do not have jurisdiction to review denied applications for adjustment of status under 8 U.S.C. 1252(a)(2)(B)(ii)).

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. On October 10, 2024, I also caused a true and correct copy of the foregoing to be placed in the United States mail, first-class postage prepaid, addressed as follows:

MUNYARADZI TICHAONA
1944 Calvert Street
Apartment 4
Washington, DC 20009
P: 240-970-0064
Email: mtichaona75@gmail.com

*Plaintiff Pro Se*

*By:* _____/ s /_____

CHRISTIAN J. COOPER
Special Assistant United States Attorney
Office of the United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel:   (703) 299-3831
Fax:  (703) 299-3983
Email: christian.cooper@usdoj.gov
*Counsel for Defendant*